IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff<br><br>vs.<br><br>ALL AMERICAN POWER AND GAS PA, LLC<br><br>   Defendant. | Case No. 2:20-cv-1173<br><br>COMPLAINT-CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Stewart Abramson ("Plaintiff") brings this action under the TCPA alleging that Defendant All American Power and Gas PA, LLC., or a vendor on their behalf, sent him pre-recorded telemarketing calls for purposes of promoting their goods and services without his prior express written consent.

3. Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Stewart Abramson is a Pennsylvania resident, and a resident of this District.

6. Defendant All American Power and Gas PA, LLC is a Delaware limited liability company that is registered in this District with Incorp Services Inc., 7208 Red Top Road, Hummelstown, PA 17036.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. The Defendant is subject to personal jurisdiction in this District. First, All American Power and Gas conducts business in this District, as it sent Mr. Abramson the calls and authorized calling conduct into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were targeted into this District.

## The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

16. All American Power and Gas provides energy services to consumers.

17. All American Power and Gas uses telemarketing to promote its products and solicit new clients.

18. These telemarketing efforts include the use of automated calls to send prerecorded messages.

19. The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

20. On June 30, 2020, Mr. Abramson received a prerecorded telemarketing call on his cellular telephone number (412) 418-XXXX.

21. The call began with the pre-recorded message:

4

> Hello. This is an apology call from your electric utility. You got overcharged by your third-party supplier. You will be receiving a rebate check along with a thirty percent discount on your electric and gas bill. Please press one to get your rebate check.

22. Mr. Abramson pressed one on his telephone in response to the pre-recorded message so that he could properly identify the calling party.

23. The agent informed Plaintiff that his company was All American Power and Gas, and that his company could provide Plaintiff with a better price for his electricity than Plaintiff was currently paying.

24. To verify the identity of the calling party, Plaintiff agreed to participate in a recorded verification process. The agent requested that Plaintiff answer the verification questions, but the agent informed Plaintiff that he would press buttons when requested by the recorded verification process (in other words, both Plaintiff and the agent participated in the recorded verification process).

25. The recorded verification process informed Plaintiff that it was being conducted by "Verbatim Verfication System" on behalf of All American Power and Gas, and it provided Plaintiff with the customer service number of 866-360-1461 for All American Power and Gas.

26. At the end of the recorded verification process Plaintiff received a "verification number" related to the call. After the recorded verification process completed, the original agent that Plaintiff spoke with confirmed with Plaintiff that he had received the verification number for the recorded verification.

27. The recorded verification process was performed by a company named "Verbatim TPV" (www.verbatimtpv.com).

28. Verbatim TPV provides third party recorded verification services for All American Power and Gas.

29. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

30. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement Pursuant to LCvR 23

31. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

32. The proposed class is tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

33. The Plaintiff is a member of the class.

34. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

35. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

36. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

37. There are questions of law and fact common to Plaintiff and the proposed class, including:

    a.    Whether the Defendant used pre-recorded message to send telemarketing calls;

    b.    Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c.    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions; and

    d.    Whether the Defendant's TCPA violations were negligent, willful, or knowing,

38. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

39. Plaintiff is an adequate representative of the class because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

40. The Defendant's actions are applicable to the class and to Plaintiff.

41. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

42. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case and given the small recoveries available through individual actions.

## Legal Claims

### Count One:

**Violation of the TCPA, 47 U.S.C. § 227(b)**

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

45. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**Relief Sought**

Plaintiff requests the following relief:

A. That the Court certify the proposed class;

B. That the Court appoint Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the class;

F. That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

By: */s/ Clayton S. Morrow*
Clayton S. Morrow
Email: csm@consumerlaw365.com
Morrow & Artim, PC
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 281-1250

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*